**AMERICAN TANK & EQUIPMENT CORP. et al. v. TEMPLETON et al.**

No. 23695.   Opinion Filed Nov. 1, 1932.

Randolph, Haver, Shirk & Bridges, for petitioners.

John J. Carney, for respondents.

CLARK, V. C. J. This is an original action in this court by petitioners to review an award of the State Industrial Commission made and entered on the 30th day of April, 1932, in favor of W. C. Templeton, wherein the said W. C. Templeton was awarded compensation for permanent partial disability at the rate of $8 per week, not exceeding 300 weeks from the date of the first hearing of this cause, to wit, January 13, 1932, by reason of decrease of earning capacity on account of accidental personal injury received on November 9, 1930, while in the employ of the petitioner herein, and engaged in the performance of manual labor covered by the Workmen's Compensation Law, subject to reconsideration of the degree of such disability by the Commission on its own motion or upon application by any party in interest. The petitioners present their case under three assignments of error:

Assignment of error No. 1:

"There is no competent evidence reasonably tending to support the finding of the State Industrial Commission that the respondent W. C. Templeton is permanently partially disabled as result of injury November 9, 1930."

The record discloses that the respondent herein on November 9, 1930, was in the employ of the petitioner herein, American Tank & Equipment Corporation, and engaged in manual labor. That on said date he was injured while unloading tank staves from a box car, and that a stave fell and struck respondent herein on the left shoulder and lower part of his back and hip and knocked him about 20 feet. That he was taken to a doctor and treated. That he

was treated for something like eight days. That he returned to work for the petitioner herein in about a week after the injury doing light jobs. That he continued in the employ of petitioner herein on light work until in March, 1931, when his job ended. That thereafter he worked for the Sinclair Oil & Gas Company doing light work, and while in their employ, when he undertook to move an A-frame, his back gave way with him, the lifting of the said frame irritating the old injury which he had received on November 9, 1930. That from the time of injury in November, 1930, there had been a continuing pain in his back down to the present time, sometimes worse and sometimes less painful. There is medical evidence in the record that the respondent herein is permanently disabled from doing manual labor, but that he can do light work.

There is competent evidence in the record supporting the finding of the Commission that the respondent herein is permanently partially disabled as a result of his injury of November 9, 1930, and under the holdings of this court, where there is any competent evidence reasonably tending to support the finding of fact made by the State Industrial Commission, the same will not be disturbed by this court on review. Therefore, assignment of error No. 1 of petitioners, is without merit.

Assignment of error No. 2:

"There is no evidence tending to support the finding of the State Industrial Commission that the respondent W. C. Templeton has sustained a decrease of earning capacity as result of his injury of November 9, 1930."

The record discloses that the respondent herein, at the time of the injury, was receiving $3.20 per day and was physically able to do manual labor. The record further discloses that since the injury he has worked, when he had work to do, for the same wages or increased wages; however, the record discloses that he is not physically able to do heavy manual labor since the injury and is only able to do light work. There is no evidence as to what wages he could draw for doing light work, and, therefore, there is no evidence in the record to sustain the finding of the Commission that the respondent herein had a decrease of wage-earning capacity from $3.20 per day to $1.20 per day.

The respondent herein, in his brief, relies upon medical testimony to the effect that the respondent herein has a 50 per cent. disability to sustain the finding of the Commission as to the loss of earning power. This testimony is incompetent to prove loss of earning capacity; however, the same would be admissible to corroborate testimony of the respondent herein that his earning capacity had been reduced by reason of the injury.

The findings of fact by the State Industrial Commission are conclusive on this court and will not be reviewed when there is any competent evidence reasonably tending to support the same. But in the absence of any competent evidence to support such findings of fact, and resulting award based thereon, the question of liability becomes a pure question of law for the determination of this court.

There being no competent evidence in the record proving the amount of the decreased earning capacity, the finding of the Commission as to the amount of loss of wage-earning capacity is reversed.

Assignment of error No. 3:

"State Industrial Commission refused and ruled out competent and legal and material evidence on the part of the petitioners herein."

The record discloses, as to this assignment of error, that at the hearing of this cause before the Commission, the petitioners herein offered in evidence an instrument, which is form 2, prescribed by the Commission upon which to report injuries in compliance with section 7329, C. O. S. 1921 [O. S. 1931, sec. 13395] purporting to be a report made and filed with the Commission by the Sinclair Oil & Gas Company of an injury received by the respondent herein while in the employ of the said Sinclair Oil & Gas Company, which injury was purported to have been received by the respondent herein subsequent to the injury he received on November 9, 1930, while in the employ of the petitioner herein, American Tank & Equipment Corporation.

We are of the opinion that this notice, filed by the Sinclair Oil & Gas Company, was incompetent evidence, being hearsay, and that this contention of the petitioners as to the competency of this particular evidence is without merit.

The finding of the Industrial Commission as to the respondent herein being permanently partially disabled by reason of the accident received on November 9, 1930, while in the employ of the petitioner American Tank & Equipment Corporation is affirmed.

And the finding and award of the Commission that the respondent herein has a decrease of wage-earning capacity from $3.20 per day to $1.20 per day is reversed, with directions for the Industrial Commission to determine liability, if any, according to the views herein expressed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.